The Honorable Stuart Vess State Representative 6717 Pontiac Drive North Little Rock, Arkansas 72116-5232
Dear Representative Vess:
This official Attorney General opinion is rendered in response to a question you have raised concerning the charges for 911 emergency telephone service.
You have asked:
 Is there any legal requirement, statutory or otherwise, that a county must pay telephone service providers for their line costs for lines dedicated to the provision of 911 service to their customers?
It is my opinion that there is no specific statutory requirement that counties pay telephone service providers' line costs for lines dedicated to the provision of 911 service. However, as explained below, telephone service providers can impose a charge for such costs, either under the general authority of the Telecommunications Regulatory Reform Act of 1997 [Act 77 of 1997], or by order of the Public Service Commission.
The only amount that telephone service providers are statutorily authorized to retain out of amounts due to political subdivisions in connection with the provision of 911 emergency service is an administrative fee for the collection by the service provider of the voter-approved 911 service charge. See A.C.A. § 12-10-320(c)(3). This administrative fee is to be in the amount of 1% of the gross receipts collected by the service provider and remitted to the political subdivision. Id.
Nevertheless, a line charge may be imposed by telephone service providers either under the authority of the Telecommunications Regulatory Reform Act of 1997 [Act 77 of 1997], or by order of the Public Service Commission.
Telephone service providers who have elected to be governed by the provisions of the Telecommunications Regulatory Reform Act of 1997 [Act 77 of 1997] can impose charges simply by filing with the Public Service Commission tariffs reflecting such charges. Charges imposed under the authority of this Act do not require the approval of the Public Service Commission. See Acts 1997, No. 77, § 8.
Telephone service providers who have not elected to be governed by the Telecommunications Regulatory Reform Act of 1997 [Act 77 of 1997] can also impose line charges by petitioning for and obtaining an order of the Public Service Commission authorizing such charges, pursuant to the statutes and procedural rules and regulations that are applicable to entities who are subject to the Commission's jurisdiction. See A.C.A. §23-2-304(a)(1); A.C.A. § 23-4-101; A.C.A. § 23-4-201(a)(1); Section 3, Rules of Practice and Procedure of the Arkansas Public Service Commission. If the Commission has, in fact, approved such a charge to be imposed upon the county, the charge must be reflected in a tariff filed with the Commission, and the county will be required to pay that charge.
In order to determine whether a charge of this nature has been imposed by a telephone service provider either under the authority of the Telecommunications Regulatory Reform Act of 1997 [Act 77 of 1997], or by order of the Public Service Commission, it will be necessary to make reference to each telephone service provider's tariffs that are on file with the Commission, as required by A.C.A. § 23-4-105.
Of course, the provisions of any contracts between the county and the telephone service provider may impact upon the county's ability to impose line charges. Such contracts, therefore, should be reviewed in assessing each particular situation.
To summarize, therefore, I conclude that while no state law specifically authorizes telephone service providers to impose a charge on counties for line costs for lines dedicated to the provision of 911 emergency telephone service, such a charge may be imposed by particular providers either under the authority of the Telecommunications Regulatory Reform Act of 1997 [Act 77 of 1997], or under the authority of an order of the Public Service Commission.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh